## GEORGE SCHWEINFURTH

### v.

## CANUTE R. MATSON AND STEELE, WEDELES & CO.

*Replevin—Adverse Possession—Chattel Mortgage.*

1. The finding of a court on an issue of fact is, on review, to be treated in the same manner as the verdict of a jury, and can not be set aside unless it appears from the whole record to be manifestly against the weight of the evidence.

2. In an action of replevin brought to recover possession of certain buildings on leased ground, horses and wagons, the same having been attached under an execution in favor of third parties, the plaintiff herein contending that he was in possession of the property in question at the time of said levy under a chattel mortgage, this court declines to interfere with the judgment for the defendants.

Schweinfurth v. Matson.

3. In the case presented, this court holds that while the evidence justified the view that one of the horses levied upon belonged to plaintiff, the burden was on him to identify the same, and failing to do so, the court could do no otherwise than find against him.

[Opinion filed June 30, 1890.]

Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

Mr. F. W. Tourtelotte, for appellant.

Mr. Emery S. Walker, for appellees.

Moran, J. This was an action of replevin to recover possession of two brick buildings situated on leased ground, two horses and two baker wagons. The property was levied on by appellee Matson, as sheriff, under an execution in favor of Steele, Wedeles & Co., and against one Adam Majoroski. Appellant claimed the property under a chattel mortgage executed by Majoroski, under which it was claimed he had taken possession of the property on the day that the mortgage became due, and which was in his possession at the time the levy was made. Appellees claimed that appellant had no possession of the property, but that the same was in the possession of Majoroski as owner, and that he was using it in carrying on his business, and that if appellant ever took possession under his mortgage, he had abandoned the same and did not keep a custodian in possession or control of the property. There was a conflict of evidence on this issue, and the court, to whom the question was submitted without a jury, found in favor of appellees. The only exception shown by the record is to the finding and judgment, and after a careful reading of all the evidence, we are unable to say that the finding is not supported. The finding of a court on an issue of fact is on review to be treated in the same manner as the verdict of a jury, and can not be set aside unless it appears from the whole record to be manifestly against the weight of the evidence. No propositions of law were submitted to the court to be held, and it must, therefore, be assumed that the court applied the correct rules of law to the case.

It does appear from the evidence that one of the horses taken under the execution was not covered by the chattel mortgage, and was never the property of Majoroski, but was loaned to him by appellant.

Appellant was entitled to this horse, no doubt, and it is presumed would have had judgment in his favor for him, if he had identified him by evidence so that the court could tell which one to give him. We have searched the record in vain for evidence describing the horse which belonged to appellant, as distinguished from the horse that belonged to Majoroski. Without evidence pointing out the horse which appellant claimed as his own, it was impossible for the court to tell which of the two horses in controversy to give him. The burden was on appellant, as plaintiff in the replevin suit, to furnish such proof as would enable the court to identify his horse, and failing to so, the court could not do otherwise than to find against him. There is no error in the record available to appellant, which will authorize the reversal of the judgment, and it will therefore be affirmed.

*Judgment affirmed.*